*E-filed on:* 9/7/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CURTIS BEASLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MONTEREY SEASIDE POLICE DEPARTMENT,<br><br>　　　　Defendant. | No. C-06-00199 RMW<br><br>ORDER GRANTING CITY OF SEASIDE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>**Re Docket Nos. [27, 31]** |

　　Defendant City of Seaside ("Seaside")[1] moves to dismiss *pro se* plaintiff Curtis Beasley's ("Beasley") first amended complaint ("FAC") for failure to state a claim or, in the alternative, for a more definite statement.  Beasley did not file either an opposition or notice of non-opposition.[2] Seaside also requests the court to grant summary disposition of its motion to dismiss because of Beasley's failure to oppose the motion to dismiss.  The court declines to do so.  The court has reviewed the parties' papers and considered their arguments.  For the reasons set forth below, the court GRANTS defendant's motion to dismiss with leave to amend.

---

　　[1]　　Seaside was erroneously served as "County of Monterey Seaside Police Department."

　　[2]　　Beasley did appear for the hearing long after the scheduled time and after defense counsel had left.

ORDER GRANTING CITY OF SEASIDE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
C-06-00199 RMW
SPT

# I. BACKGROUND

## A. Factual Allegations

On November 24, 2004, three Seaside police officers approached seventy year old Beasley at his residence and immediately informed him he was under arrest. FAC at 2. Beasley was unarmed. *Id.* Beasley alleges that the officers then entered his residence, closed the door, and proceeded to (1) grab and twist his arm in a complete circular motion, (2) forcefully stab him continuously in the abdomen with a baton, and (3) kick him after he fell to his knees until he was flat on the ground before handcuffing him and shackling both his legs. *Id.* at 2-3. The officers continued to strike Beasley in the back with a baton as they walked him to the police car. *Id.* at 3. When placing him into the police car, one officer allegedly pushed Beasley's head so forcefully against the car roof that he suffered "blurred vision and pain." *Id.* Immediately after Beasley arrived at the Seaside police station, he was taken to the hospital for treatment of his injuries and an x-ray for fractures. *Id.* Beasley was then booked into Monterey County Jail. *Id.* Beasley contends that while in custody, he was deliberately deprived access to prescription medication. *Id.* at 3-4.

Beasley contends that he was not made aware of the *Miranda* rule at the time of his arrest which deprived him from seeking private legal counsel.[3] *Id.* at 2. Beasley alleges that while he was in custody awaiting trial the prosecution offered "complete liberty in exchange for a guilty confession" on numerous occasions. *Id.* at 3. Beasley contends that the prosecution "continuously harassed and attempted to coach the plaintiff to perjure [himself] by pleading guilty to all criminal charges without any evidence." *Id.* Beasley also states that the prosecution attempted to plea bargain with him well over twenty-one times during the two years before the matter was brought to trial. *Id.*

Beasley was tried in the Superior Court of the State of California. On December 14, 2005, after a three day jury trial, Beasley was found guilty of one count of spousal battery against his wife, one count of battery against his wife, one count of child endangerment, and one count of resisting arrest. *Id.*; Seaside's Mot. Dismiss at 1-2. Beasley was sentenced January 12, 2006.

---

[3] Plaintiff appears to contend that "throughout the criminal proceedings" the prosecution never informed plaintiff that he could hire private counsel.

**B.    Procedural History**

Beasley filed his initial complaint on January 11, 2006, and defendants Seaside and Judge Gary E. Meyer filed motions to dismiss or, in the alternative, for more definite statement. On May 5, 2006 the court issued an order granting Judge Meyer's motion to dismiss with prejudice and granting Seaside's motion to dismiss without prejudice. Beasley's filed a first amended complaint and defendant Seaside filed the present motion to dismiss (or for more definite statement).

The FAC asserts "defendants deliberately violated plaintiff's constitutional privileges guaranteed by the 14th, 8th, and 5th Amendments." Based on the facts alleged, Beasley appears to assert defendants deprived him of certain constitutional rights in connection with his November 24, 2004 arrest and subsequent incarceration. Beasley generally claims: (1) excessive force in connection with his arrest, (2) deliberate deprivation of access to prescription medication while incarcerated, (3) "continuous" harassment by the prosecution in attempting to get him to plead guilty, and (4) omission of *Miranda* warnings for his arrest and criminal proceedings. FAC at 2-4. Beasley also alleges that defendant "falsified reports" and "assigned the plaintiff legal counsel." *Id.* at 2. In moving to dismiss Beasley's complaint, Seaside treats Beasley's complaint as attempting to state 42 U.S.C. § 1983 claims for excessive force in violation of Beasley's Fourth (and Fourteenth) Amendment rights, a Fifth Amendment violation for omitting *Miranda* warnings, and violations of plaintiff's Eighth Amendment rights.

## II. ANALYSIS

The court's May 5, 2006 Order dismissed Beasley's section 1983 claims because the complaint failed to allege that Seaside, by official policy, practice, or custom caused the alleged deprivations of Beasley's constitutional rights. Plaintiff has not sued any individual police officers. Under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978), actions by law enforcement officers or employees do not create a § 1983 claim against a local government absent a showing that the alleged violation was a result of official policy:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694. As with the initial complaint, the FAC is devoid of any allegations that the asserted deprivations of constitutional rights were a result of Seaside's official policy, practice, or custom. Absent such allegations, Beasley's § 1983 claims against Seaside cannot survive. Beasley has not sued any individual police officers who would be proper defendants under § 1983.

As additional grounds for its motion Seaside again argues that Beasley's claims would otherwise be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because the success of the claims would necessarily imply the invalidity of Beasley's standing conviction for resisting arrest. Here, Beasley's jury conviction of resisting arrest under Penal Code § 148(a)(1) has not been held invalid. As noted in the court's May 5, 2006 Order, under *Heck* if "a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). However, the May 5, 2006 Order also recognized that allegations of excessive force that occurred *after* the arrest could be grounds for a section 1983 claim. *See Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (*en banc*) (holding that "conduct that occurred before the officers commence the process of arresting the defendant" and "excessive force used after a defendant has been arrested may properly be the subject of a § 1983 action notwithstanding the defendant's conviction on a charge of resisting an arrest that was itself lawfully conducted").[4] Beasley appears to complain, in part, that excessive force was used after his arrest and after the conduct underlying his Penal Code § 148(a)(1) conviction. Nevertheless, as discussed above, Beasley's claims fail because he has not set forth the requisite threshold pleadings that defendant Seaside acted pursuant to policy, practice, or custom.

---

[4] As in its prior motion to dismiss, Seaside relies heavily upon *Suhag v. City of Lake Forest*, 94 Cal. App. 4th 1401 (2002) to invalidate Beasley's § 1983 claim on the basis that a claim of excessive force necessarily implies the invalidity of Beasley's Penal Code § 148(a)(1) jury conviction. Seaside's Mot. Dismiss at 4-6. In *Suhag*, a California appellate court concluded that "any claim of excessive force based on discrete acts that occurred immediately preceding [the plaintiff's] arrest is barred by . . . *Heck* . . . since a finding in his favor would necessarily imply the invalidity of his conviction." 94 Cal. App. 4th at 1410. However, in *Smith* the Ninth Circuit's majority opinion distinguished *Suhag*. *Smith*, 394 F.3d at 699 n.5 (disagreeing with the dissent's reliance on *Suhag*).

Finally, Beasley's allegations that he was not given *Miranda* warnings fail to state a claim because he has not alleged use of any coerced statements. The Supreme Court has rejected the notion that "mere compulsion [in violation of *Miranda*] violates the Self-Incrimination Clause." *Chavez v. Martinez*, 538 U.S. 760, 773 (2003). Rather, "*Miranda's* safeguards [are] not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination was protected." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974).

### III.  ORDER

For the foregoing reasons, the court GRANTS defendants' motions to dismiss plaintiff's complaint for failure to state a claim against Seaside with leave to amend. Plaintiff has twenty (20) days to amend his complaint.

DATED:     9/6/06

RONALD M. WHYTE  
United States District Judge

**THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WAS PROVIDED TO:**

**Counsel for Plaintiff:**

Curtis Beasley
P.O. Box 492
Seaside, CA 93955


**Counsel for Defendants:**


Thomas E. Francis     tfrancis@bfka-law.com
Lee A. Wood           rnassar@leeawoodlaw.com;
                      ksmith@leeawoodlaw.com

Paul T. Hammerness    paul.hammerness@doj.ca.gov

Bill Lockyer
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102


Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**        9/7/06                             SPT
                                              **Chambers of Judge Whyte**

ORDER GRANTING CITY OF SEASIDE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
C-06-00199 RMW
SPT                                     6